IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25CV1084 |
| | ) | |
| PUBLIX DISTRIBUTION CENTER | ) | |
| and CITY VIEW APARTMENTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Michael Henry's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, the Court will grant the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

I. DISCUSSION

Henry's Complaint alleges multiple claims: discrimination on the basis of race and sexual orientation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, age discrimination in violation of 29 U.S.C. § 621 *et seq.* (Age Discrimination in Employment Act ("ADEA")), defamation, physical harm, and illegal eviction. *See generally* Docket Entry 2 ("Compl."). The Court should dismiss the Complaint in its entirety because Henry has failed to state a claim.

The Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (citation modified). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is

'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in his favor. *See Jehovah v. Clarke,* 798 F.3d 169, 176 (4th Cir. 2015).

As alleged in the Complaint:

Henry identifies himself as a heterosexual African-American born in 1970. Sometime prior to September 27, 2025, he came to North Carolina for a scheduled interview at the Publix Distribution Center, presumably in McLeansville. He was late and missed the interview, and no one called to reschedule. Instead, he worked elsewhere until Publix notified him that they could pay him more than he was earning elsewhere. He took the job and caught up on his expenses. But at some point, Publix told him it was cutting back on his hours. He applied for two internal positions with the company but did not receive either. He asked human resources for help with housing, and they gave him leads that he could not afford.

He came into work early one day only to have his Bluetooth radio stolen. He filed a complaint, but his supervisors laughed. He returned to work operating his forklift, and another employee let his pallet jack coast, and it hit Henry's forklift lightly. Henry then made another move to operate his forklift, and an order checker came speeding up to him and argued that Henry had cut him off. Three other employees watched and would not leave. When they finally did leave, they went to the office and alleged Henry threatened them. The supervisor, Hughe, asked Henry for a statement and then sent him home saying they were going to investigate. Publix never brought Henry back to work and days later took his badge. Because he was let go, he missed the raise he could have received in another three weeks. *See generally* Compl.

A. Equal Employment Opportunity Commission

Before a plaintiff can bring suit in federal court alleging a violation of Title VII or the ADEA, he must file a charge with the Equal Employment Opportunity Commission ("EEOC"). *See, e.g.*, *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). Here, Henry does not allege that he filed any charge with the EEOC. When asked on his form Complaint the date that

2

he filed a charge with the EEOC, he responded, "N/A," and did not complete any further information on the topic. Without having first exhausted his administrative remedies with the EEOC, Henry's Title VII and ADEA claims are procedurally barred and should be dismissed. *See id.*

### B. Title VII Discrimination

Even had Henry alleged that he exhausted his administrative remedies prior to filing this suit, he failed to plausibly allege a violation of Title VII. Employers cannot "discharge any individual, or otherwise . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex . . . ." 42 U.S.C. § 20003-2(a)(1); *see also Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020) (holding that Title VII protects against discrimination based on sexual orientation). "[A] Title VII plaintiff is required to allege facts to satisfy the elements of a cause of action created by statute[,]" "not plead a prima facie case of discrimination." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020).

Here, there are simply no allegations that Henry's employer took any action because of Henry's race or his sexual orientation. And, while employers are also prohibited from retaliating against an employee who reports a violation of Title VII or participates in an investigation into an alleged violation, *see* 42 U.S.C. § 2000e-3(a), Henry did not allege that he did either of those things or that his employer reduced his hours or terminated him because he did. Therefore, Henry's Title VII claims should be dismissed.

### C. Age Discrimination

Similarly, had Henry alleged he exhausted his administrative remedies, he did not sufficiently allege he was discriminated against because of his age. The ADEA prohibits employers from "discriminat[ing] against any individual [who is at least 40 years of age] with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §§ 623(a)(1), 631(a). Henry has not alleged that his employer took any action against him related to his age. Thus, his ADEA claim should be dismissed.

### D. State Law Claims

Henry's remaining claims arise under state law. "'Although a federal court has discretion to assert [supplemental] jurisdiction over state claims even when no federal claims remain, . . . "if the federal claims are dismissed before trial . . . the state claims should be dismissed" without prejudice.'" *Spanos v. Vick*, 576. F. Supp. 3d 361, 369 (E.D. Va. 2021) (quoting *Alexandria Resident Council, Inc. v. Alexandria Redev. & Hous. Auth.*, 11 F. App'x 283, 287 (4th

3

Cir. June 6, 2001) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Accordingly, Henry's state law claims should also be dismissed.

II. CONCLUSION

It is therefore **ORDERED** that Henry's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

March 2, 2026
Durham, North Carolina